# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CR-0140-001-CVE |
| ) | (19-CV-0560-CVE) |
| EDD TAWON PAYNE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant Edd Tawon Payne's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 73). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Plaintiff has filed a motion to dismiss (Dkt. # 77) defendant's § 2255 motion as time-barred.

In 2004, defendant was convicted of Hobbs Act robbery and brandishing or carrying a firearm during a crime of violence. He was sentenced to a total term of imprisonment of 141 months, followed by a five year term of supervised release. United States v. Edd Tawon Payne, 04-CR-021-003-CVE, Dkt. # 130 (N.D. Okla.). Defendant served his term of imprisonment and was on supervised release, but he violated the conditions of his supervised release. Defendant was arrested, and stipulated to two violations of his conditions of supervised release. 04-CR-021-CVE, Dkt. # 164. Defendant received a sentence of six months for the violations and the Court re-imposed a term

of 30 months supervised release following completion of the six month sentence. 04-CR-021-CVE, Dkt. # 170.

On August 18, 2017, defendant was arrested by the Tulsa Police Department on a charge of bank robbery, and he was taken into state custody. 04-CR-021-CVE, Dkt. # 175. Defendant's actions also violated the terms of his supervised release, and the Court issued an arrest warrant based on four violations of his conditions of release. Id. Defendant was sentenced to a term of 40 months imprisonment for the violations of the conditions of supervised release. 04-CR-021-CVE, Dkt. # 199. On November 28, 2017, a magistrate judge signed a complaint (Dkt. # 1) in this case charging defendant with bank robbery in violation of 18 U.S.C. § 2113, and a grand jury returned an indictment (Dkt. # 26) charging defendant with conspiracy to commit a crime against the United States (count one) and bank robbery (count two). Defendant pled guilty to both counts without a plea agreement. Dkt. # 34. On May 7, 2018, the Court held a sentencing hearing and sentenced defendant to 46 months as to counts one and two. Dkt. # 61. The sentences as to counts one and two were ordered to run concurrently with each other, but the sentence in this case was to be served consecutively to the revocation sentence imposed in Case No. 04-CR-021-CVE. The Court entered judgment and commitment (Dkt. # 62) on May 8, 2018, and defendant did not file a notice of appeal. Defendant's convictions became final on May 22, 2018 when his deadline to file a notice of appeal expired.

On July 16, 2019, defendant filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) (Dkt. # 66) and shortly thereafter he filed an amended Rule 60(b) motion (Dkt. # 68). The Court advised defendant that it intended to construe his motion (Dkt. # 66) as a § 2255 motion, and the Court gave him a deadline to withdraw his motions (Dkt. # 66, 68) and file a § 2255 motion

raising all claims that he intended to pursue in his original § 2255 motion. Defendant requested leave to withdraw his prior motions (Dkt. # 72) and, on October 21, 2019, he filed a § 2255 motion (Dkt. # 73) claiming that he is actually innocent of bank robbery. The Court ordered plaintiff to file a response to defendant's § 2255 motion, and plaintiff filed a motion to dismiss (Dkt. # 77) defendant's § 2255 motion. Plaintiff argues that defendant failed to sign his motion under penalty of perjury and his motion was filed more than one year after his convictions became final. Defendant has filed a response, and he argues that the Court should consider the merits of his claims, even if untimely, based on his assertion of actual innocence.

In its motion to dismiss (Dkt. # 77), plaintiff argues that defendant's § 2255 motion should be dismissed as untimely. Section 2255 motions are subject to a one-year statute of limitations, running from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Defendant's convictions became final on May 22, 2018 when his deadline to file a notice of appeal expired. Defendant's § 2255 motion (Dkt. # 73) was received by the Court Clerk on October 21, 2019 and it was placed in the mail on October 18, 2019. Defendant's earliest post-conviction motion was his motion for relief under Rule 60(b) (Dkt. # 66), and that was received by

3

the Court Clerk on July 16, 2019 and placed in the mail on July 12, 2019. Even using the filing date of the earliest post-conviction motion, defendant's § 2255 motion could not be deemed to have been filed within one year of the date his convictions became final, and his § 2255 motion is untimely under § 2255(f)(1). The Court can discern no other basis under § 2255(f) under which defendant's motion could be timely, and his § 2255 motion should be dismissed as untimely.

Defendant argues that he has raised a colorable claim of actual innocence, and he asserts that he should be permitted to proceed with his claims to avoid a miscarriage of justice. Dkt. # 78. Defendant relies on McQuiggin v. Perkins, 569 U.S. 383 (2013), for the proposition that a claim of actual innocence can overcome a procedural default, such as untimeliness. Dkt. # 78, at 1-2. In McQuiggin, the Supreme Court found that a convincing claim of actual innocence based on new evidence could permit a federal district court to entertain an untimely first motion under 28 U.S.C. § 2254 to prevent a miscarriage of justice. McQuiggin, 569 U.S. at 397-98. The Tenth Circuit has applied McQuiggin to untimely § 2255 motions and the Court may consider whether defendant's assertion of actual innocence excuses the untimeliness of his § 2255 motion. United States v. Bowen, 936 F.3d 1091, 1108 (10th Cir. 2019). To invoke the miscarriage of justice exception, a claimant must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 569 U.S. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). A court may consider whether the claimant acted diligently in presenting the new evidence to the court as part of its assessment concerning the claimant's credibility and the reliability of the evidence. Id. The Tenth Circuit has been clear that equitable tolling of the statute of limitations "is rare and will 'only be applied in extraordinary circumstances.'" Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) (quoting Schlup, 513 U.S. at 321).

4

The Court has reviewed defendant's § 2255 motion (Dkt. # 73) and his reply (Dkt. # 78), and finds that no miscarriage of justice will result if his motion is dismissed as time-barred. When reviewing a claim of actual innocence, a court may consider whether the defendant pled guilty and admitted to the essential elements of the charged offense. United States v. McAbee, 685 F. App'x 682, 686 (10th Cir. Apr. 20, 2017).[1] Defendant admitted to the essential elements of counts one and two at the change of plea hearing, and he signed a petition admitting to the following facts:

> On or about August 16, 2017, in the Northern District of Oklahoma, I agreed with Emmanuel Britto and an unindicted person known as TA, to commit a robbery of the Bank of America located at 205 E Pine Street, Tulsa, Oklahoma. I did not enter the bank. I did travel to the bank with Mr. Britto and TA. I knew that TA was carrying a "hoax bomb" in order to carry out the robbery. I took the disguise TA had worn into the bank and threw it into the trash. I took part of the proceeds from the robbery and bought a vehicle with the cash.

Dkt. # 49, at 2. Defendant's motion (Dkt. # 73) focuses on the facts concerning his arrest and his argument that police lacked probable cause to arrest him or search his home. Dkt. # 73, at 3-6. In particular, he claims that the primary evidence against him was the statements of coconspirators implicating him as a member of the conspiracy, and he claims that these statements were obtained by unlawful means. Id. at 15. Defendant makes legal arguments concerning the validity of his arrest and the admissibility of certain evidence against him, but nothing in his motion calls into question his own admission of the essential facts of the charged offenses. To establish actual innocence, defendant must show that he was factually innocent of the charged offense, not merely that he may have had a legal defense to some aspect of the criminal charge. Bousley v. United States, 523 U.S. 614, 623 (1998). Even if defendant had a claim based on factual innocence, defendant must show

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

that he is relying on new evidence that was not previously available to him. Hale v. Fox, 829 F.3d 1162, 1171 (10th Cir. 2016). Every factual allegation contained in defendant's § 2255 motion was known by him when he pled guilty, and these allegations could have been tested by means of pretrial motions or by cross-examination of witnesses at trial. Defendant's motion does not state any facts that could reasonably qualify as new evidence of his factual innocence, and the Court finds that he may not rely on a claim of actual innocence to excuse the untimeliness of his § 2255 motion.

The Court has considered the claims raised in defendant's § 2255 motion (Dkt. # 73) and finds that his motion should be dismissed as time-barred. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence (Dkt. # 73) is **dismissed as time-barred**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss § 2255 Motion (Dkt. # 77) is **granted**.

**IT IS FURTHER ORDERED** that defendant's Motion for Status Report (Dkt. # 79) is **moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**.

**DATED** this 10th day of December, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE