IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-CR-0140-001-CVE |
| v. ) | |
| ) | USM No.: 23195-009 |
| EDD TAWON PAYNE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is plaintiff's motion for turnover of funds received during incarceration (Dkt. # 96), filed on August 3, 2021.

On May 7, 2018, defendant was sentenced by this Court to an aggregate 46-month imprisonment term following pleas of guilty to counts one and two of the indictment involving conspiracy and bank robbery. The Court ordered the sentence to run consecutively to Northern Oklahoma case 04-CR-0021-CVE. The Court further ordered defendant to pay restitution in the amount of $11,012 to Bank of America. As part of the judgment and sentence (Dkt. # 62), with regard to how and when the restitution was to be paid, the Court ordered "[a]ny monetary penalty shall be paid in full immediately, but payable on a schedule to be determined pursuant to the policy provision of the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program . . ." See Dkt. # 62 at 6-7.

In plaintiff's motion (Dkt. # 96), plaintiff argues that defendant has not made any payment toward restitution, and upon learning that defendant received a CARES Act stimulus payment, requested that the Bureau of Prisons (BOP) encumber defendant's account due to overdue restitution owed. Originally, plaintiff requested that the BOP encumber defendant's account for

his overdue fine in case 04-CR-21, but released that encumbrance, and requested that the BOP instead encumber up to $1,400 of defendant's account from all outbound transactions, to prioritize collection of restitution to the nonfederal victim in this case. Although defendant has not filed an objection in this case, he did in case 04-CR-21. The Court denied his motion for relief (Dkt. # 208), finding that based on the judgment, the BOP has the authority to apply outside sources of income, to include CARES Act funds, toward payment of a monetary penalty. Plaintiff argues that defendant has not paid toward restitution as ordered by the Court and defendant has received substantial resources during incarceration. Therefore, plaintiff requests that the Court order the BOP to turn over up to $1,400 from defendant's inmate trust account to the Clerk of Court for partial payment toward his restitution obligation.

The Court notes that defendant is participating in the Inmate Financial Responsibility Program (IFRP), which is a voluntary program with policies which provide for an inmate savings account appropriately designed to meet institutional needs, while at the same time executing on a defendant's obligation to pay a criminal monetary penalty. The program requires inmates to commit a percentage of their prison employment earnings and other sources of income toward the repayment of court-ordered monetary penalties. See BOP Policy Statement P5380.08. Pursuant to BOP Policy Statement P4500.12, § 8.8, "[a]n encumbrance may be made for various reasons at the warden's discretion . . . or [upon] notification of a pending Federal court order." The Tenth Circuit and district courts have consistently found that courts may order turnover of inmate funds to satisfy criminal fine and restitution debts. See, e.g., United States v. Thornbrugh, 764 F. App'x 655 (10th Cir. Feb. 22, 2019) (unpublished) (affirming this Court's order authorizing BOP to turn over inmate trust account funds exceeding $100 pursuant to restitution order to pay in full immediately); and United States v. Cooper, 02-CR-40069, 2006 WL 3512936, at *3 (D. Kan. Nov.

1, 2006) ("This language [of § 3664(n)] explicitly demonstrates that any amount a defendant receives during a time of imprisonment can be levied by the United States to reduce that defendant's debt to the government."). At the request of plaintiff, the BOP encumbered defendant's inmate account upon notification of the intent to file the foregoing motion to turnover funds. Pursuant to 18 U.S.C. § 3664(n) and BOP IFRP policy, if an inmate obligated to pay a financial penalty receives substantial resources from any source during a period of incarceration, the inmate shall be required to apply the value of such resources to any penalty still owed. Accordingly, the Court finds that plaintiff acted properly in seeking encumbrance of defendant's funds on account to prevent disbursement prior to the Court's order and that, defendant has received substantial financial resources from outside sources during incarceration, which must be applied to the outstanding restitution order.

**IT IS THEREFORE ORDERED** that plaintiff's motion (Dkt. # 96) is **granted**.

**IT IS FURTHER ORDERED THAT** the Bureau of Prisons is directed to turn over up to $1,400 in excess accumulated funds from defendant's encumbered account to the Clerk of Court for payment toward defendant's outstanding restitution obligation and, pursuant to BOP Policy Statement P5380.08, § 8(b), release any remaining funds to defendant, to avoid defendant's complete indigence.

**DATED** this 12th day of August, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE